UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-10017-CR-MARTINEZ/SNOW

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

LAWRENCE W. BLESSINGER, and
JANET MEADOWS,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant, Lawrence Blessinger's Motion to Suppress Evidence Obtained From Iridium's Satellite Phone Communications (ECF No. 76) and Supplemental Memorandum in Support of [DE 76] Motion to Suppress Evidence of Unlawful Passive Location Monitoring Obtained From Iridium's Satellite Phone Communications (ECF No. 92), adopted by Defendant, Janet Meadows, which were referred to United States Magistrate Judge, Lurana S. Snow for Report and Recommendation.  The Defendant is charged with conspiracy to encourage aliens to enter the United States unlawfully and three counts of alien smuggling.  He seeks to suppress evidence seized from Iridium Satellite Phone Communications ("Iridium"), his satellite phone provider, in response to an Order Pursuant to 18 U.S.C. § 2703(d) issued by United States Magistrate Judge Patrick White.  (ECF No. 92-9)  The Motion is fully briefed and ripe for consideration.

## I. FACTS

Judge White's Order included a finding that the Government had offered specific and articulable facts showing that there were reasonable grounds to believe that the records or other

information sought were relevant and material to an ongoing criminal investigation (ECF No. 92-9 at 2), and directed Iridium to provide the following information about the subscriber to the subject account:

> 1. Names (including subscriber names, user names and screen names);
>
> 2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
>
> 3. Local and long distance telephone connection records;
>
> 4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
>
> 5. Length of service (including start date) and types of service utilized;
>
> 6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN'), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
>
> 7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
>
> 8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

Id. at 3.  In addition, Iridium was directed to provide the Government with:

> All records or other information (not including the contents of communications) relating to wire and electronic communications sent from or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers), and including information regarding the global positioning system or other location information through which the communications were sent or received.

Id. at 4.

The User Manual for the Defendant's satellite phone states, "Some features of your Product may affect your privacy or data security. . . . The satellite phone uses network-based positioning technology, which may be used to obtain a user's approximate location and thereby affect a user's privacy."  (ECF No. 92-5 at 15.)

## II. DISCUSSION

The evidence at issue was obtained pursuant to 18 U.S.C. § 2703 of the Stored Communications Act.  Subsection (c)(1) of that statute provides that the Government may require an electronic communication service provider "to disclose a record or other information pertaining to a subscriber to or a customer of such service" by means of a warrant, a court order, or the consent of the subscriber or customer.  Subsection(c)(2) requires the provider to furnish to the Government names, addresses, local and long distance telephone connection records or records of session times and durations, the length and types of service utilized, telephone or instrument numbers or other subscriber numbers or identities, and the means or source of payment for service.  Subsection (d) provides that a court order for disclosure shall be issued "only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation."

The Defendant does not contend that the Application for the Order (ECF No. 92-8) failed to show that the information sought was relevant to an ongoing criminal investigation, but argues instead that a search warrant, based on probable cause, was required for the Government to obtain this information.

In United States v. Davis, 785 F.3d 498 (11th Cir. 2015), the Eleventh Circuit, *en banc*, held that a court order issued pursuant to § 2703(d) which compelled the production of a third-party telephone company's business records containing historical cell tower location information did not violate the Defendant's Fourth Amendment rights.  The court emphasized that the company's records "did not show (1) the contents of any call; (2) the contents of any cell phone; (3) any data

3

at all for text messages sent or received; or (4) any cell tower location information for when the cell phone was turned on but not being used to make or receive a call." Id. at 503.  Thus, the case involved "no GPS device, no physical trespass, and no real-time or prospective cell tower location information," but involved instead "only (1) government access to the existing and legitimate business records already created and maintained by a third-party telephone company and (2) historical information about which cell tower locations connected to Davis's cell" during the time period of the crimes of which he was suspected.  Id. at 505.

       The court noted that the Stored Communications Act "does not lower the bar from a warrant to a § 2703(d) order," but instead "raises the bar from an ordinary subpoena to one with additional privacy protections built in." Id.  at 505-506.  In addition, the Act prohibits telephone companies from voluntarily disclosing such records to the Government and bars "improper disclosure" of the records by anyone.  Id. at 506 (citing 18 U.S.C. §§ 2702(a)(3), (c)(4), (c)(6) and 2707(g)).  The court went on to discuss the Supreme Court's holdings in United States v. Miller, 425 U.S. 435 (1976) and Smith v. Maryland, 442 U.S. 735 (1979) that "telephone users have no reasonable expectations of privacy in dialed telephone numbers recorded through pen registers and contained in [a] third-party telephone company's records." Id. at 508.  The court also relied on the Fifth Circuit's decision in In re Application of the United States for Historical Cell Site Data, 724 F.3d 600 (5th Cir. 2013), holding that a cell user has no subjective expectations of privacy in a provider's business records showing cell tower locations because

> (1) the cell user has knowledge that his cell phone must send a signal to a nearby cell tower in order to wirelessly connect his call; (2) the signal only happens when a user makes or receives a call; (3) the cell user has knowledge that when he places or receives calls, he is transmitting signals through his cell phone to the nearest cell tower and thus to his service provider; (4) the cell user is thus aware that he is conveying cell tower location information to the services provider and voluntarily does so when he uses his cell phone for calls.

Davis, 785 F.3d at 510 (citing In re Application, 724 F.3d at 613-614).  The Fifth Circuit upheld a § 2703(c) order for production of historical cell site data, concluding that the Stored Communications Act conformed to exiting Supreme Court Fourth Amendment Precedent.  Id.

The Davis court adopted the Fifth Circuit's reasoning and added that even if Davis had a subjective expectation of privacy, his expectation, viewed objectively was neither justifiable or reasonable.  The court noted that in Smith, "the Supreme Court presumed that phone users knew of uncontroverted and publicly available facts about technologies and practices that the phone company used to connect calls, document charges, and assist in legitimate law-enforcement investigations." Id. at 511 (citing Smith, 442 U.S. at 742-23).  The court pointed out that cell towers and related records are used for all three of those purposes, and there was "no reason to conclude that cell phone users lack facts about the functions of cell towers or about providers' recording cell tower usage." Id. Moreover, "Smith's methodology should not be set aside just because cell tower records may also be used to decipher the approximate location of the user at the time of the call." Id.  Thus, the case was controlled by the long-standing doctrine that individuals have no reasonable expectation of privacy in business records owned and maintained by a third-party business, compelling the Davis court to hold that Davis' Fourth Amendment rights had not been violated by the § 2703(d) order. Id. at 512.

The Defendant argues that Davis should not be extended to cover satellite telephone information because unlike cell phone records, which disclose only the location of the cell towers, satellite phone records reflect the actual location of the phone when it is turned on.  He asserts that he has a reasonable expectation of privacy in his physical location, and that he did not voluntarily turn over this information to the provider.  The Defendant points out that Iridium's promotional materials indicate that its satellite phone provides integrated GPS tracking on demand, but that this feature may be disabled for "stealth operations."  (ECF No. 92-2 at 3.)  The Defendant argues that

he had a right to rely on this representation by Iridium that it would only track his location if the tracking feature was enabled.[1]

The undersigned finds that the Defendant voluntarily provided his location information to Iridium. The user manual for his telephone states that the phone "uses network-based positioning technology, which may be used to obtain a user's approximate location and thereby affect a user's privacy." (ECF No. 92-5 at 15.)  This warning makes no reference to the phone's GPS real-time tracking feature, which may be turned off for "stealth operations," and the Defendant clearly was on notice that his location could be determined by the provider.

Thus, the only distinction between the instant case and Davis is that the location information maintained by Iridium likely would be more precise than cell site information.  The undersigned concludes that this is a distinction without a difference.  The Davis court found that the third-party doctrine applied to cellular telephone records despite the fact that a user's approximate location could be discerned from the information maintained by the provider.  Davis, 785 F.3d at 511.  This doctrine is no less applicable here simply because the Defendant's location information was less approximate.  Accordingly, the evidence obtained from Judge White's 2703(d) Order is admissible against the Defendant at trial.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the Defendant, Lawrence W. Blessinger's Motion to Suppress Evidence Obtained From Iridium's Satellite Phone Communications (ECF No. 76) and and Supplemental Memorandum in Support of [DE 76] Motion to Suppress Evidence of Unlawful

---

[1] The Defendant also argues that the reasoning of Davis is inconsistent with the Supreme Court's analyses in Miller and Smith.  These arguments will not be addressed because Davis is binding on this Court.

Passive Location Monitoring Obtained From Iridium's Satellite Phone Communications (ECF No. 92), adopted by Defendant, Janet Meadows be DENIED.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with  the Honorable Jose E. Martinez, United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Key West, Florida, this  14th day of December, 2016.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Matt Langley (MIA)
AUSA Brooke Watson (MIA)
Howard Srebnick, Esq. (D-Lawrence Blessinger)
Jacqueline Perczek, Esq. (D- Lawrence Blessinger)
Phillip Hororwitz, Esq. (D- Janet Meadows)